1836.
**FARRINGTON**
*v.*
**FREEMAN.**

---

**FARRINGTON** *v.* **FREEMAN,** *et al.*

---

Although a judgment is obtained through a bond and warrant of attorney yet a complainant, wishing to restrain proceedings under it, must make a deposit or give security under the statute relating to injunctions to stay proceedings in personal actions.

---

*January* 4.
1836.

*Practice.*
*Injunction.*
*Security to*
*stay action.*

Motion for an injunction to stay proceedings on a judgment obtained upon a bond and warrant of attorney, without deposit or giving security under the statute.

Mr. *A. Nash,* for the motion.

Mr. *Soper,* contra.

THE VICE-CHANCELLOR :—The statute provides that no injunction shall issue to stay proceedings at law in any " personal action," after judgment, unless a deposit is made of the amount, &c. or a bond in lieu thereof is given: 2 R. S. 189, § 141 ; and the question is, whether a judgment on a bond and warrant of attorney given by the complainant and wherein an execution has been issued is a judgment in " a personal action " within the meaning and intent of the statute.    If it be not, the complainant asks for the injunction without depositing the amount or giving security—there being equity enough in the bill to support an injunction. But if the statute applies to such a case, it is imperative,

and the injunction cannot be granted unless its provisions are satisfied.

An action is defined to be the legal demand of one's right; and when it is brought to recover a debt, damages or personal property it is called a personal action. The complainant contends, however, that in giving a bond and warrant of attorney and entering up a judgment upon them there is no action in the sense here used—that no suit is pending —and that it is to be viewed merely as a mode of giving security or of creating a lien of record, like giving a mortgage to be recorded with a power of sale; and the expressions of Sutherland J. in *Livingston v. Harris*, 11 Wend. 332, are relied upon. I cannot consider this a correct view of the subject or that what fell ·from the judge, in the case referred to, has such a bearing. Although no suit is pending when a bond and warrant of attorney are given, yet the very language of the latter instrument anticipates and recognizes the proceedings to be had by virtue of it as an action at law. It authorizes an attorney to appear for the party in some court of record at the suit of the obligee in the bond there to receive a declaration in an action of debt on the bond, &c. and to confess the same action or to suffer a judgment to pass against him by default: Dunlap's Pr. 358 ; 2 Archb. Pr. 12. A declaration is then filed; an attorney, under the authority, signs common bail-piece, which is the appearance, and *cognovit actionem*. The whole assumes the shape and form of a suit. There is a plaintiff and defendant—a record of the proceedings to judgment. Costs are taxed, consisting of the attornies fees in a suit at law— and judgment is rendered for debt and costs as in any other suit or action, and execution issues in the usual form. I am at a loss to perceive how it can be considered otherwise than a judgment in a personal action; and I know of no reason why the statute should not apply where a party has voluntarily authorized a judgment to be entered up against him as where a judgment has been recovered by a hostile proceeding. The mischief which the statute was intended to remedy may as well exist in the one case as in the other.

It is clear to my mind that the injunction cannot issue, without deposit or bond.